Our next case of the afternoon is Bentley v. Hefti for the appellant, witness 414-0167. For the appellant, Mr. Buckley, and for the appellant, Mr. Belm. Is that the right pronunciation? Yes. Belm. Thank you. You may proceed. Thank you, Your Honor. May it please the Court. This case involves the failure to file an action within the one-year statute for defamation. It also involves the interpretation of a statute, 1635 Illinois State Statutes 5-2609, which deals with the filing of supplemental complaints. So when we're talking about the interpretation of a statute or the application of a statute, it's important, I think, to recall two things. Number one, if the statute is clear, it must be enforced as written. And number two, every word of the statute must be given effect. The courts are not free to ignore a certain portion of a statute in order to get a different result. The statute in this case is clear. I don't think there's any question about that. It says, and it's brief, supplemental pleadings, setting up matters which arise after the original pleadings are filed, may be filed within a reasonable time by either party by leave of court and upon terms. By leave of court. Now, that's different than for amended pleadings. Amended pleadings, the Statute 616 does not involve those words by leave of court. So a supplemental pleading is not filed until leave is granted. And that's the issue before the court here. And I think the reason for that distinction between a supplemental pleading on one hand and amended pleading on the other is fairly clear. A supplemental pleading, as it says in the statute, brings up some new issues or new facts. An amended pleading simply alleges the same general facts, the same cause of action that was the subject of the original complaint, but may bring in new parties or may bring in a different way of pleading that. Well, I wanted to ask you about that. Do both Ms. Hefty and Mr. Bentley live in Macoupin County? They do. Carlinville? At least close by, yes, sir. Okay. It's not that big a place.  Let's assume on the date that this letter was filed or action taken, August 29, 2002, which was the basis of the defamation count. The actual sending of the letter? Yes. Yeah, it was August of 2012. Let's assume instead that there was an automobile accident between Mr. Bentley and Ms. Hefty in Carlinville. Just someone wasn't paying careful attention at a traffic-controlled intersection and a traffic accident occurred. One car ran into another, some property damage, minor injuries. There was no one terribly injured, but whatever. And let's assume further Ms. Hefty thinks that Mr. Bentley was in the wrong and she was in the right. Would that have been a clause for filing a supplemental complaint pursuant to Section 2609? Well, you know, I've argued with myself about that. It seems to me that a supplemental complaint might involve a situation, a correct use of a supplemental complaint might involve really a different change in the facts, as has happened in one of the cases, I believe it's the Hamer case, where there was actually a change in the Constitution in the interim between when the taxpayers had filed their initial suit and they sought to file a supplemental complaint. There they were bringing in new parties because it was a change in the law and that was the fact that it happened. Well, other than the fact that there was this other interesting litigation between Mr. Bentley and Ms. Hefty, was there anything about the automobile accident which... It certainly doesn't share a common nexus of facts with the pending breach of contract action. Well, what is the common nexus of fact with regard to the defamation and the matter of the alleged breach of contract? I don't know that you could say that there is. I would say that there probably isn't, and the correct way to bring that lawsuit, if you wanted to sue Mrs. Hefty for defamation, or in your hypothetical, the automobile accident, if you wanted to sue her for the automobile accident, file a different lawsuit. There's no particular reason why they would have to be joined. The language of the statute, however, 609, is broad enough that it would seem to encompass at least the opportunity to try to bring those in the same complaint. Well, possibly it might be good form, but I'm not even sure of that. But this leads to the next question of if Ms. Hefty is aggrieved by what happened here and thinks Mr. Bentley committed defamation, why doesn't she just sue him? It's reversed. I'm sorry. I misspoke. No, that's all right. If Mr. Bentley feels that he was aggrieved by what Ms. Hefty said, why didn't he file a lawsuit? That's exactly my point. This was always within the power of the plaintiff and his attorney to take care of. Just go to the lawsuit and go to the courthouse and file a lawsuit. I mean, they had 365 days in which to draft the lawsuit, and in 240 of those days, presuming there are five days a week that the court is open, they could go to the courthouse and file it. And that's all you've got to do. And they didn't do that. Instead, they decided to take this action where they were going to file it as a supplemental pleading. And as I was saying, there's a reason for a supplemental pleading to be treated differently. The court may at one ask, and you'll recall that what happened in this case is that the plaintiff went and tried to file it ex parte and lodged it in court filing and sought leave ex parte. And Judge Londrigan, the trial judge, said, oh, wait a minute. That was the last day, wasn't it? It was. It was the last day. Judge Londrigan said, wait a minute, that's law school 101. You've got to have, you've got to give notice to the other side. At the very least, they're a party to the action. And I think that's true. And it goes to the reason why this statute is important with respect to supplemental pleadings. Because the trial judge retains the control of saying, well, it might be appropriate to join these actions, but I am not going to exercise my discretion to allow you to file the supplemental pleading, the supplemental complaint, because, for example, these two actions are not sufficiently related that it makes sense to try them in one lawsuit. Or the issues in this lawsuit are so grossly different that it is going to confuse the jury or the finder of fact about what the true issues are with respect to this breach of contract versus the defamation action. Is there any basis to argue that since it was filed the day before the expiration, since they asked the day before the expiration, that somehow the statute of limitations was told? I don't believe so. I don't. There's nothing in the law that says that, that that told the statute of limitations any more than picking up the telephone and calling the defendant and saying, I'm going to sue you for saying bad things about me. Or calling the judge and saying, I'm going to sue the defendant for saying bad things about me. Well, that's a little less than actually putting together a complaint and taking it to the courthouse. That's true. But there's nothing in the law that seems to indicate that simply attempting to file it, even ineffectively, tolls the statute of limitations. Because this statute says you can only have that supplemental complaint filed by leave of court. And so the thing is, the plaintiff always had it in his power. He was there at the courthouse. The court said, I am not going to grant you leave to file that ex parte. He knows it's the last day. He now has it within his power to convert that thing to just a complaint, pay the fee, and file it. In fact, even if you don't pay the fee, you can regress that later. Just file it. And the cases on file, it's timely filed within the statute. So all this stuff on the last day of the statute of limitations was ex parte? Or excuse me, pro se? Ex parte. No, it was by counsel. Oh, counsel was involved. Ex parte. By the way, I apologize for misspeaking earlier. No, that's all right. I confused the parties, but I understand the concept. I just had the wrong name. Yeah, that's right. They were flipped. But I hope I answered your question. Yes. I think that that's the thing, that the court has the power, the trial court has the power to say, and it has discretion to either allow the filing of supplemental pleading or not. And if, for example, there had been two weeks before notice to Mrs. Hefty that the plaintiff was taking up a hearing on August 28 about filing a supplemental complaint, she would have appeared at that and likely she would have objected to that on the grounds that, wait, this is a different cause of action. Among other things, you're exceeding the magistrate jurisdiction of $50,000. You're now seeking $60,000 in two counts. Did the trial court explain why it denied your motion to dismiss? It did not, not in writing, no. I believe that the court indicated that he felt that it was sort of close enough. You got it in the court file. You think the phrase is close enough for government work? Well, no. I was thinking hand grenades and horseshoes. But he did not give us a clear direction, and there's nothing in the legal file that tells us exactly what he was thinking when he denied that. But then he granted your request for a certified question? He did. And said that he thought this was an important matter and it really did make a difference, and that's why he certified it for interlocutory appeal. The question Justice Holder-White raises about tolling, that wasn't ever discussed at the trial level, was it? I believe that Mr. Bellum may have brought that up, that he felt that he had met the statute of limitations because he had been there at the courthouse trying to file it, and that should be good enough. I disagree with that because certainly that would be true of an amended pleading. If you lodge it in the court file, you do not need leave of court. But it could relate back. And it relates back. Not true of a supplemental pleading because the statute says you've got to have leave of court, and there's nothing in the supplemental pleading statute that says it relates back. So I think that's a significant difference. So I guess the real question is, was the defamation action filed within one year? And the answer to that is no. And I don't think anybody disagrees with that. Leave wasn't granted until September 26. And we know from the statute that it's only filed when leave is granted. So therefore, it was not filed within one year. And I want to address one thing, and that's the perception that any of us may have. Well, are we elevating form over substance here? We are any time a statute of limitations is imposed. When the law says you must do it within one year, that's what it means, one year. It's sort of like when I gave my kids a deadline for a curfew. The first time that they came in at 12-10, I started to overlook it. The second time they came in at 12-15, I sat them down and said, look, it's not a target, it's a deadline. And that's the same thing it is for all of us with the statute of limitations. You've only got one year to do it. How you do it, we don't care, but get it filed. And every defendant has a right to rely on that, the protection that a statute of limitations affords. And I think Mrs. Hefti has a right to rely on it here. It was not filed within the relevant time period, so it's time barred. And I would ask the court to reverse the trial court and remand it for entry of a dismissal. Thank you, counsel. May it please the court, my name is Aaron Bellum, and I'm here on behalf of the appellee, Randy Bentley. As the opposing counsel noted, this is an unusual suit that involves the filing of a supplemental pleading. While the appellant believes that the statute is clear and every word must be given effect, it is our position that the statute, while clear, the court must give effect to the court's previous use of the word leave of court. And that's in any application of case law regarding the Code of Civil Procedure. Specifically, this court has examined the leave of court requirements under the respondent in discovery provision that requires that upon plaintiff's motion, a respondent in discovery can be transferred to a defendant in an action. While the language of that statute says upon plaintiff's motion, it specifically contemplates that plaintiff's motion is asking for leave to amend to name that respondent in discovery to a defendant. Likewise, this court has previously found in Fisher v. Senior Living that filing an amended complaint requires leave of court. As that statute specifically requires that the court allow that motion. I want to ask you the same question Mr. Bellamy asked Mr. Buckley, and that is about the whole notion that this is a supplemental complaint. What if this had been an auto accident? I'm glad you raised that question because I think the difference between an amendment and a supplemental is something that most practitioners confuse. And I would agree that if it was a car accident, it would still be a supplemental complaint. Why is that? Is your hypothetical on the same day? I'm talking about, I just picked that day at random. But it could have been any time after the filing of the lawsuit that was brought, the initial lawsuit, where Mr. Bellamy sought money damages for the uncompensated construction services. Any time after that, let's assume there was an automobile accident. Yes, I believe it would be a supplemental because of the fact that it's setting up allegations that occurred after the filing of the complaint. Well, it has nothing to do with the earlier matter. Well, I agree, and it's not required. Why isn't it just a separate lawsuit? Just a matter of fortuity that it happened to involve automobiles driven by Mr. Bentley and Mrs. Hefty. It could absolutely be a separate lawsuit. Why couldn't in this case it have been a separate lawsuit? Similarly. It could have been. Well, then why didn't you in the last day or any time that last year just go ahead and file it and cause Mr. Buckley, if he wanted to bother and thought it was appropriate, to say, hey, wait a minute, this should have been filed as a separate lawsuit. I want it to be filed as a supplemental complaint. Frankly, I don't understand the harm he claimed he could suffer or why he even bothered to do it. Well, and that's the objection that Mr. Buckley didn't raise when we argued the motion for leave to amend. All he indicated to the trial court at that motion for leave to amend or to supplement was that it violated the statute of limitations. Right. He didn't raise the issue of, well, it should have been filed as a separate action and then consolidated in a later time. Well, of course, if it violates the statute of limitations, it doesn't have to. The violation would speak for itself. But just as a matter of policy, you know, as I looked over this case initially, I'm trying to think we almost never see supplemental complaint cases. I think there might be a reason for it. It's kind of a strange proceeding. And in a given factual circumstance, I don't see why you'd ever want to need to use it. And here you have a defamation count which seems to have arisen out of, is in no way connected to the underlying construction, the money damages for uncompensated construction services. So why don't you just go ahead and file a separate lawsuit? Well, in this instance, we did so because I think it showed the amount of animosity that was between the two parties, that the party who had failed to perform under the contract took it upon herself to go out and try to defame his reputation. Well, a defamation lawsuit kind of by definition shows there's a lot of bad feeling here. Sure. So there you are at the courthouse. You apparently know that this is it. And you bother the judge on the next part they filed and the judge says, no, I don't want to be dealing with this ex parte stuff. Under these strange circumstances, why don't you just file a separate lawsuit? I would say out of judicial economy and the fact that we didn't have to pay another filing fee for that. What is the filing fee, by the way, in the recouping count? I couldn't recite it off the top of my head, Your Honor. Is it over $150 or something? For an L case, it would be in excess of $200 with the jury demand. But for a supplemental complaint, there's nothing? Correct. Okay, go ahead. Let's suppose that you'd filed it as a separate suit and then moved to consolidate. Do you think that you could find a trial judge that would consolidate those two complaints? I think so because of the fact that it's the same parties involved. And we would anticipate taking discovery depositions of the parties. So why not take them all at the same time? At least for discovery purposes. Well, you could still schedule them at the same time even if the cases weren't consolidated. You could practice the economies within the law firms without consolidating the cases. Quite possibly. Well, yeah, that's just my thought. Counsel, you mentioned the Fisher case. And, of course, that case involved analyzing Section 2-616. Do you agree that the language is completely different than the language in 609? The language itself is different. But, again, it anticipates having that hearing on the motion for leave. And I think the facts of this particular case are very analogous to the facts of Fisher. Fisher, you were three days before the filing deadline on the statute of limitations. Again, the circuit clerk's office advised counsel that the court, as a routine matter, would enter an order granting leave in these circumstances, which was not done. It was then later set for a hearing, and then the plaintiff was granted leave to amend. It was then on appeal that it was upheld, saying, you know, that we're putting form over substance, that the fact that the complaint was attached to the motion for leave, that the defendant had knowledge, and that it's not tied to a jurisdictional argument that has been dismissed by the Illinois Supreme Court in writing. The appellants cite Petrella v. Lieske. And this was a case in which the plaintiff was a fireman injured when the fire truck on which he was riding was involved in a collision, and that the plaintiff filed an action within the statute of limitations against the driver and the owner of the vehicle involved in the collision and several parties involved in the manufacturing of the fire truck. He then later filed to amend, attempting to add the manufacturing of the fire helmet in which he was wearing. It's important to note the differences between the case. First, the court points out that the complaint labeled complaint at law, comma, supplemental counts was not a supplemental pleading at all, as it didn't set forth matters arising after the original pleadings had been filed. There the court's analysis should have stopped. It went on, and really that portion of the opinion should be considered dicta, as it wasn't necessary for the disposition of the case once the court found that the pleading was an amended complaint. And I think it should be distinguished from the case before this court now, as the plaintiff never sought leave of the court in Petrella. And nor did the plaintiff ever receive leave of the court, as we were granted in this action. And it wasn't a supplemental pleading. So I hope that the court will strike the analysis from Petrella and not apply it to this case. We feel as though the Fisher case has abrogated that Petrella decision in its entirety. This court in Hearst v. Board of Fire and Police in 2011 really extended the holding of the Fisher case, in that it applied it to an administrative law review provision, which required a 35-day time period to file a review of an administrative law decision. I think there's a good argument to be made that the amended complaint in this action was really supplemental, as the plaintiff filed... Hearst was charged with allegedly viewing pornographic materials on the employer's own mobile data terminal while on duty. The plaintiff filed a declaratory suit then on May 15th of 2009, and after the board reached a decision discharging him on August 13th, then filed a motion for leave to file an amended complaint seven days after receiving the notice. And that was on October 19th of 2009. He couldn't have... I make the argument that this is really supplemental because he couldn't have filed at the time of his May 15th asking for administrative review of the decision because the decision hadn't been made. So really, the amended complaint as it's titled and styled should really be deemed a supplemental. And this court used the Fisher case to decide it and found that the plaintiff had filed the supplemental complaints amended to the motion for leave. The motion for leave and supplemental counts were filed before the statute of limitations expired, and leave was then granted afterwards. To conclude, we believe that the court should extend the holding in Fisher and Hearst to find that the purposes of 609, a supplemental complaint, is deemed to be filed when the appended motion for... when the supplemental complaint is appended to the motion for leave of court. Extending this holding is consistent with the court's other interpretations of leave of court under the Code of Civil Procedure, specifically in adding a cause of action and converting a respondent discovery as set forth in the Clark v. Brokaw and Fisher and Hearst decisions. But extending this holding also affirms the principles the plaintiff should not be charged with the time required for a hearing when the plaintiff has no control over when the court will hear a rule on the motion. Adopting this interpretation allows the plaintiff's claims to be heard on its merits, which is consistent with the general rule of the Code of Civil Procedure, which the rule should be liberally construed to facilitate the full adjudication of all issues, failing to allow the additional platings do not promote the ends of justice. Nor does this interpretation render the language of the statute requiring leave superfluous, as the opponent argues. The motion for leave must be filed prior to the expiration of the statute of limitations, the same as Clark v. Brokaw requires. Adopting our interpretation also creates a universal bright-line rule as to when a pleading is deemed to be filed, which won't vary from county to county. That's the concern. I know the issue was raised, well, plaintiff's counsel had 365 days to file this. No, under the statute of limitations for defamation, that begins to run upon the date of publication, not the date of discovery. And in this case, there was a considerable time difference between the date of publication and the date of discovery. Applying the defendant's interpretation of leave of court charges the moving party with the time it takes for the court to hear and rule on the motion. This does not promote the ends of justice, nor the general rule of the Code of Civil Procedure that it should be liberally construed to facilitate the adjudication of all issues. For that reason, we ask that the court affirm the trial court's ruling on the motion to dismiss. Thank you, counsel. I mean, briefly in rebuttal, a couple things about these cases, the Kovacs case and the Fisher case. The one thing we can say with absolute certainty is they did not involve the statute at issue here, 609. It involved 616, or in the case of Kovacs, the statute for changing a respondent discovery to a defendant in the action, and that does not have the language about upon leave of court. So we get back to the statutory construction. If the language is clear, it must be applied, and we can't ignore the wording of the statute, and therefore I think the court has to apply it to say that this case was not filed within one year and therefore the statute of limitations expired and the cause of action should be dismissed. The same is true of Hearst. It might be well to say, well, really, the court should have considered it a supplemental pleading. It didn't. It wasn't. It was an amended pleading, and the court didn't deal with statutory language at issue here. There's one final issue. To make it clear, I have never advocated that this had to be a supplemental complaint or that this cause of action had to be joined with this defamation action had to be joined with the breach of contract action. In fact, quite the opposite. If I had been brought into this case initially, I would have said, no, wait, you can't bring that cause of action. In this case, it's a different cause of action. You mean you're likely to have objected to it being filed separately in an effort to consolidate for trial? I suppose he may have tried to consolidate for trial, but I tend to agree that there's no judge that would consolidate this. Why would you put together a defamation action with a breach of contract action? The jury instructions alone would be a pain in the neck. Those are two different lawsuits. They don't arise out of a common nexus, and perhaps the court wants to clarify that, that the use of a supplemental complaint may be appropriate in some limited instances, but it is not a vehicle to pack together multiple varying causes of action. That may be a little beyond the question that was certified here, so I leave that to the court. I don't know if that's within the purview of what the court can do, but in any case, I would request that the court remand this with directions that the defamation action be dismissed. Thank you, counsel, for taking this matter into advisement. We are ready for the next case.